**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:   KRISTIN ANN BRUCIA,                 Chapter 13
                                              Case No.   11-18020 (RTL)
         Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

## OPINION

**APPEARANCES:**

**ABELSON & TRUESDALE, LLC**
**Bruce C. Truesdale, Esq.**
**Attorneys for Debtor**

**NORRIS McLAUGHLIN & MARCUS, P.A.**
**Larry K. Lesnick, Esq.**
**Attorneys for Creditor, Jeremy Gamble**

**RAYMOND T. LYONS, U.S.B.J.**

## INTRODUCTION

Debtor's ex-husband seeks relief from the automatic stay to enforce a Property Settlement Agreement ("PSA") and state court orders requiring the Debtor to contribute to mortgage payments and expenses of the marital residence pending sale.   Because the Debtor's obligations under the PSA do not appear to be a domestic support obligation, movant has failed to demonstrate cause for relief from the automatic stay.

## JURISDICTION

The court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a), and the Standing Order of Reference by the United States District Court for the

District of New Jersey dated July 23, 1984, referring all proceedings arising under Title 11 of the United States Code to the bankruptcy court.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G) (relief from stay).

**FINDINGS OF FACT AND PROCEDURAL HISTORY**

The Debtor and her former spouse entered into a Property Settlement Agreement ("PSA") on July 9, 2009, in connection with their divorce.  Each party was employed – the husband with a stipulated annual income of $62,000 and the wife $48,000 – so each waived alimony and support permanently and irrevocably.  They agreed to joint custody of their minor child, although the Debtor/wife was designated the Parent of Primary Residence for support purposes.  Until their marital residence was sold neither party would pay child support.  After sale of the residence, the husband was to begin paying weekly child support to the wife.  Under an Article in the PSA titled Equitable Distribution the parties agreed that the marital residence would be sold and the net proceeds divided equally.  The husband's name does not appear on the mortgages.  The Debtor/wife and the husband's father are liable on the mortgages.  The husband is entitled to reside in the residence until it is sold.  The wife agreed to contribute 50% of the ongoing mortgage payments and other expenses of maintaining the house except certain utilities.  The wife moved back with her parents who made room for her and her child during the days she had custody.

The house did not sell and has remained on the market with little interest shown by buyers despite several reductions in the asking price.  The Debtor has obtained an independent appraisal of the property.  At this point it is undisputed that the value of the house is substantially below the amount due on the mortgages.  For the parties to sell the house the mortgagees would have to agree release their liens without payment in full.  The wife objected to continuing to pay the

2

mortgages under these circumstances. She sought relief from the PSA in state court. The husband countered with a request to enforce the agreement despite the absence of economic benefit of paying on mortgages that exceeded the value of the property. The state court agreed with the husband and refused the wife's request for relief from the PSA. The court ordered her to pay the husband $3,747.60 on account of missed payments.

The Debtor/wife filed a petition under chapter 13 of the Bankruptcy Code and proposed a plan of reorganization. The plan calls for the Debtor to surrender her interest in the real property that was the marital residence. Despite the bankruptcy filing, the husband asked the state court to enforce the PSA despite the bankruptcy filing and to declare that the amount due under the PSA for mortgage payments and expenses of maintaining the house to be in the nature of alimony and support and non-dischargeable. The state court refused to consider the husband's request absent an order of the bankruptcy court lifting the automatic stay. Consequently the husband has filed this motion in the bankruptcy court for relief from the automatic stay so he can return to state court and seek enforcement of the PSA as well as a determination of non-dischargeability. The Debtor/wife objects. She maintains that her financial obligations regarding the marital residence are dischargeable in her chapter 13 case and that the automatic stay should protect her until she can complete her chapter 13 plan and receive a discharge.

**DISCUSSION**

Under the 2005 amendments to the Bankruptcy Code, the claims of one estranged spouse to the other incurred in a divorce are characterized as either a domestic support obligation ("DSO") or something other than a DSO. DSO is defined as "in the nature of alimony, maintenance or support." 11 U.S.C. §101(14A). Except for completed chapter 13 cases, both types of spousal

claims are not dischargeable.   11 U.S.C. §§ 523(a)(5) (DSO) and 523(a)(15) (other than DSO).  However, if a debtor completes a chapter 13 plan and receives a discharge under 11 U.S.C. § 1328(a), a spousal claim that is not a DSO is discharged.   11 U.S.C. §1328(a)(2) does not incorporate subsection 523 (a)(15).

The Third Circuit has stated that while alimony and support are state law concepts, the determination of dischargeability is a matter of federal law.  *In re Gianakas, 917 F.2d 759, 762 (3d Cir. 1990).*   To determine whether the obligation is in the nature of alimony, maintenance or support, the court should examine the intent of the parties, their needs and financial circumstances, and the function of the obligation.  *Id at pp. 761-763.*   The label used by the parties is indicative of their intent, although not conclusive.  *Id.*

The Debtor has argued in opposition to the motion that her ex-husband's claims are dischargeable because they are not a DSO.   She points out that both parties expressly waived all claims for alimony under the DSO and the undertaking by the wife to contribute to the costs of maintaining the marital residence are within the Article titled Equitable Distribution.   The obligation appears to be linked to the anticipated proceeds of sale from the residence and the concern that each spouse should contribute to the costs of maintaining this asset, albeit that the husband should pay more since he would be living there rent free.   Furthermore, she argues that the claims do not have the indicia of a DSO.   For example spousal support is typically paid by a spouse that has greater income.   In this case the husband's income exceeded the wife's at the time of the PSA.   Also, spousal support usually terminates upon the remarriage or death of the payee spouse.   That is not the case under the subject PSA.   The Debtor/wife's obligation to contribute to the costs of maintaining the house ends upon sale.   At oral argument the ex-husband's attorney

conceded that he could not offer any argument to contest the Debtor's position that her financial obligations under the PSA were not a DSO.

The husband points to paragraph 25 of the PSA that reads as follows:

> The parties agree that in the event of the declaration of bankruptcy by either party, then, in that event, each shall continue to remain personally liable to the other for any and all expenses incurred by him/her, either in connection with the defense of any suit(s) instituted by a creditor or in connection with the payment of any monies to a creditor. It is the intention of the parties that any bankruptcy filed should be effected as against the creditor but shall not be intended to act to the financial detriment of the other spouse. The parties further agree that in the event a financial detriment to the other spouse is encountered as a result of the bankruptcy laws, then, in that event, any provisions regarding equitable distribution and/or alimony shall be modified so as to compensate the aggrieved party for the financial loss. Any party filing bankruptcy shall notify the other spouse within five (5) days of the filing of same.

He asserts that he will suffer a financial detriment as a result of this bankruptcy case. The wife counters that the husband has no liability on the mortgage and thus will suffer no financial detriment if she receives a discharge. The court agrees that paragraph 25 of the PSA is addressed to the circumstances where bankruptcy of one spouse might leave the other solely responsible for a joint debt. Since the husband has no personal liability on the mortgages, he will suffer no financial detriment as a result of this bankruptcy case.

**CONCLUSION**

The movant has failed to show cause for relief from the automatic stay. The Debtor's obligations under the PSA do not appear to be a Domestic Support Obligation and, thus, would be discharged if she completes her plan. The motion is denied.

Dated: June 29, 2011                    **/S/Raymond T. Lyons**
                                        United States Bankruptcy Judge